IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 08-411-22 |
| ) | |
| TERON JENKINS ) | |

## MEMORANDUM AND ORDER OF COURT

On February 12, 2010, a grand jury returned a 37-count superseding indictment against 27 defendants charging, inter alia, a RICO conspiracy. Defendant Teron Jenkins and 25 of his co-defendants were charged at Count 2 of the superseding indictment with conspiring to conduct a racketeering enterprise from in and around 2000, to in and around February 2010, in violation of 18 U.S.C. §1962(d). Jenkins also was charged at Count 21 with distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).

On March 10, 2011, Jenkins appeared before the court to change his plea from not guilty to guilty to Count 2 of the superseding indictment. Prior to accepting Jenkins' guilty plea, the court engaged in an extensive plea colloquy with him as required by Federal Rule of Criminal Procedure 11(b). The court accepted Jenkins' guilty plea after being satisfied that he knowingly and voluntarily desired to enter a plea of guilty and concluding that there was an adequate factual basis for the plea.

On April 5, 2011, Jenkins filed a pro se letter motion seeking to withdraw his guilty plea and requesting that new

counsel be appointed to represent him (Document No. 1522). In his motion, Jenkins asserts that he was misled to plead guilty by his attorney, Michael DeRiso, that he did not have a chance to listen to the recorded jail calls (although he did have transcripts of those calls), and that he did not have adequate time to decide whether to plead guilty.

For the reasons stated herein, the court finds that Jenkins has not satisfied the factors necessary to withdraw his guilty plea, nor has he set forth any sufficient reason why new counsel should be appointed to represent him, therefore his pro se motion will be denied.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after the court accepts the plea, but before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). The burden of demonstrating a "fair and just" reason is on the defendant, and that burden is substantial. Id.

With respect to the first factor enumerated in Jones, "[b]ald assertions of innocence ... are insufficient to permit a defendant to withdraw [his] guilty plea." United States v. Brown, 250 F.3d

811, 818 (3d Cir. 2001). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." Id. Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999).

Here, Jenkins has not asserted his innocence in his pro se motion. Instead of asserting his innocence, Jenkins simply has critiqued Attorney DeRiso's handling of his case by alleging that counsel somehow misled him to plead guilty. Jenkins' allegation that he was misled to plead guilty is contradicted by his statements made under oath at the change of plea hearing. Specifically, during the plea colloquy, Jenkins affirmed that: (1) he appeared before the court knowingly and voluntarily to change his plea to guilty; (2) he was satisfied with his court-appointed counsel, Michael DeRiso; (3) he understood his constitutional rights; (4) he understood the charges against him and the potential penalties involved; (5) he agreed with the government's summary of the factual basis for his guilty plea; and (6) he understood the terms of the plea agreement and voluntarily signed the document after consulting with counsel. See Transcript ("Tr.") of March 10, 2011, Change of Plea Hearing, attached as

AO 72
(Rev. 8/82)

Exhibit 1 to the Government's Response to Jenkins' pro se letter motion (Document No. 1544), at 3-13, 16, 25. Moreover, Jenkins repeatedly confirmed for the court that he desired to plead guilty,[1] see id. at 10, 15, 21-22, 26, and the court accepted his plea after finding that Jenkins' decision to plead guilty was knowing and voluntary, and that there was an adequate factual basis for his plea. Id. at 26.

As to the second factor the court must consider, which is the strength of the defendant's reasons for seeking to withdraw his guilty plea, Jenkins has failed to offer any persuasive reasons for allowing him to withdraw his plea. Jenkins states in his pro se motion that he was misled by Attorney DeRiso, thereby suggesting that counsel did not effectively handle his case. Jenkins also alleges that he did not have a chance to listen to the recorded jail calls,[2] thus he relied on what Attorney DeRiso told him, which again he claims was misleading.

"A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms,

---

1. Jenkins alleges in his pro se motion that he did not have enough time to decide whether to plead guilty. As stated, Jenkins repeatedly confirmed that he desired to plead guilty, and he never indicated to the court that he did not have adequate time to make that decision.

2. Jenkins' allegation that he did not have an opportunity to listen to the recorded jail calls is undermined by the fact that he admits in his pro se motion that he had transcripts of the calls available to him. Furthermore, Jenkins did not complain during the change of plea hearing, or at any other time, that he was precluded from listening to the recorded jail calls.

and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54.

To the extent Jenkins alleges his guilty plea was involuntary due to ineffective assistance of counsel, he has not pointed to any specific act or omission or objective evidence to support such a claim. Simply put, Jenkins has not shown that Attorney DeRiso's advice was unreasonable, nor has he shown that he has been prejudiced in any way by Attorney DeRiso's handling of his case. Indeed, when questioned by the court at the change of plea hearing whether he was satisfied to have Attorney DeRiso represent him, Jenkins unequivocally responded that he was satisfied with counsel. Tr. at 4.

The third factor courts consider when evaluating a motion to withdraw a guilty plea is whether the government has demonstrated that it would be prejudiced by the withdrawal of a guilty plea. However, the government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). Here, Jenkins has failed to assert his innocence or provide a fair and just reason for withdrawing his plea, thus the government is not required to show prejudice.

In conclusion, Jenkins has failed to sustain the substantial burden of showing a fair and just reason for withdrawing his guilty plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, Jenkins's pro se motion to withdraw his guilty plea will be denied, as will his request for appointment of

new counsel. As previously stated, Jenkins confirmed for the court at the change of plea hearing that he was satisfied with Attorney DeRiso's representation, and he has not set forth any sufficient reason why new counsel should be appointed to represent him.

An appropriate order will follow.

O R D E R

AND NOW, this 25th day of April, 2011, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's pro se motion to withdraw his guilty plea and request for new counsel (Document No. 1522) be, and the same hereby, is denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Charles A. Eberle
    Assistant U.S. Attorney

    Michael J. DeRiso, Esq.
    DeRiso & DeRiso
    1801 Law & Finance Building
    429 Fourth Avenue
    Pittsburgh, PA 15219

    Teron Jenkins